**Brandon Kel ONE FEATHER as Surviving Child of Police Officer Kelmar Harwin One Feather, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–800 C.**

United States Court of Federal Claims.

Aug. 16, 2004.

Terry Pechota, Pechota, Leach, & Dewell, Rapid City, South Dakota, for plaintiff.

Michael Bahler, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## OPINION

DAMICH, Chief Judge.

Plaintiff challenges a determination by the Bureau of Justice Assistance, Office of Justice Programs, U.S. Department of Justice [hereinafter "Bureau" or "BJA"], denying him eligibility to receive death benefits under the Public Safety Officers' Benefits Act, 42 U.S.C. § 3796 [hereinafter "PSOBA" or "Act"]. Both parties have moved for judgment on the administrative record. For reasons set forth below, Defendant's motion for judgment on the administrative record is GRANTED and Plaintiff's cross-motion for judgment on the administrative record is DENIED.

### I. Background

Plaintiff is one of three surviving children of Kelmar Harvin One Feather, an officer in the Oglala Sioux Department of Public Safety. On July 1, 2000, Officer One Feather was transporting two male prisoners to the Adult Detention Center in Pine Ridge, South Dakota, when the vehicle he was driving made an abrupt turn on the highway, entered a ditch and rolled over several times. Officer One Feather and one of the prisoners were ejected from the vehicle. Both were pronounced dead at the scene. Officer One Feather was survived by his mother, Elva One Feather, and three adult children, Jason One Feather, age 29, Santana Faye One Feather, age 28, and Brandon One Feather, age 20.

On December 26, 2001, Plaintiff, along with his two brothers, applied for benefits under the PSOBA. Administrative Record [hereinafter "AR"] 1. On March 11, 2002, Plaintiff's claim, along with the claims of his brothers, were denied, and the government paid the entire PSOBA benefit amount of $146,949 to Elva One Feather, officer One Feather's mother. AR 147. In denying the claims of Brandon One Feather and his brothers, the Bureau stated that even though officer One Feather had died in the line of duty, his children were ineligible for benefits under the PSOBA because they were more than 18 years old and were not students as defined in 5 U.S.C. § 8101. AR 146.

On March 25, 2002, Plaintiff's attorney requested that the bureau reconsider their determination of ineligibility, and also requested the opportunity for an oral hearing pursuant to 28 C.F.R. § 32.24(a). AR 148. The oral hearing took place on September 18, 2002, and on November 20, 2002, Plaintiff was notified of the hearing officer's decision to uphold the initial denial of death benefits. AR 167, 293. Plaintiff appealed this denial to the Director of the BJA, who also denied the claim. AR 309. Plaintiff then filed this action on April 21, 2003. The Government responded by filing a motion for judgment in the administrative record on October 8, 2003.

## II. Standard of Review

In deciding motions for judgment on the administrative record, this Court uses the same standards as it would in deciding a motion for summary judgment. *Demutiis v. United States*, 48 Fed.Cl. 81, 86 (2000). Cross-motions for summary judgment are each evaluated under the same standard. *Cubic Def. Sys., Inc. v. United States*, 45 Fed.Cl. 450, 457 (1999). Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. Discussion

Plaintiff challenges the BJA's finding that he was not a "child" of the decedent for purposes of the PSOBA. Specifically, Plaintiff believes that he is eligible for death benefits because his enrollment in Navy basic training at the Great Lakes Naval Training Center at the time of his father's death qualifies him as a student for purposes of the Act. 42 U.S.C. § 3796b(3), authorizes benefits to be paid to a surviving child, and defines "child" in relevant part as one who is "over 18 years of age and a student as defined in 5 U.S.C. § 8101 ...." In turn, 5 U.S.C. § 8101(17) defines "student" as:

an individual under 23 years of age who has not completed 4 years of education beyond the high school level and who is regularly pursuing a full-time course of study or training at an institution which is—

(A) a school or college or university operated or directly supported by the United States, or by a State or local government or political subdivision thereof;

(B) a school or college or university which has been accredited by a State or by a State-recognized or nationally recognized accrediting agency or body;

(C) a school or college or university not so accredited but whose credits are accepted, on transfer, by at least three institutions which are so accredited, for credit on the same basis as if transferred from an institution so accredited; or

(D) an additional type of educational or training institution as defined by the Secretary of Labor.

In Plaintiff's view, he was "regularly pursuing a full time course of study or training at an institution which is a school operated or directly supported by the United States." Plaintiff's Opposition to Defendant's Motion for Judgment Upon the Administrative Record and Plaintiff's Motion for Judgment on the Administrative Record [hereinafter "P. Opp."] at 3.

Defendant disagrees that Navy basic training qualifies as a school for purposes of the act, and that, regardless, Plaintiff was not engaged in a full-time course of study. In considering whether or not Navy basic training qualified as a school, the Director of the BJA held that:

Claimant has failed to demonstrate that Navy basic training is a "school or college or university" within the meaning of 5 U.S.C. § 8101. We think that the phrase "full-time course of study or training," which precedes the words "school or college or university" in the definition of "student" at 5 U.S.C. § 8101, means that a student, in order to qualify for PSOB benefit, must be studying on a full-time basis at an *educational* school, college or university. The primary purpose of basic training is to prepare the serviceman for a career in the armed forces; not to pursue any type of educational learning. The fact

that some education may be obtained is incidental to the primary purpose of basic training. (emphasis in original).

and that

Assuming arguendo that Navy basic training is a "school, college or university," claimant is still not eligible for the PSOB benefit as he has not demonstrated that Navy basic training is a full-time course of study as required by 5 U.S.C. § 8101.... [Plaintiff] argues that [he] was involved in a full-time course of study while in basic training and looks to as support the fact that [he] earned three college credits while in basic training. Yet, the claimant's attorney acknowledged at the hearing that a normal full-time college course load was *16 credit hours* per semester. (emphasis in original).

AR 312–13.

■ In reviewing BJA's denial of benefits under the PSOBA, this Court looks to "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If Congress has not directly addressed the precise question at issue, then the interpretation of the agency should at least be given deference according to its "power to persuade." *United States v. Mead Corp.*, 533 U.S. 218, 234, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). Additionally, when circumstances imply that Congress intended an agency pronouncement to have the force of law, a reviewing court must accept it so long as it is reasonable. *Mead*, 533 U.S. at 229, 121 S.Ct. 2164.

There are two "precise question[s] at issue" in this case. The first is whether the Great Lakes Naval Recruit Training Center, the institution Plaintiff attended for basic training, qualifies as a "school or college or university" for purposes of 5 U.S.C. § 8101(17)(A). The second is whether Navy basic training qualifies as "a full-time course of study or training" for purposes of 5 U.S.C.

§ 8101(17). The court will address these questions in turn.

A. Whether Navy Basic Training Qualifies as a School for the Purposes of Section 8101

■ Defendant argues that, regardless of Plaintiff's full-time status, Plaintiff is ineligible for PSOBA benefits because, at the time of his father's death, he was not enrolled in a "school or college or university." Defendant's Motion for Judgment Upon the Administrative Record at 11 [hereinafter, "D. Mot."]. Plaintiff claims that the Great Lakes Naval Recruit Training Center is a school directly operated and supported by the United States as required by 5 U.S.C. § 8101(17)(A). P. Opp. at 3–4. Because it is not questioned that the Great Lakes Naval Recruit Training Center is directly supported by the United States, this court need only decide if it is a school for purposes of 5 U.S.C. § 8101.

1. Congress Did Not Provide the Definition of "School"

The word "school" is not defined in section 8101 or section 8101's implementing regulations. Therefore, this court will examine the agency's interpretation to see if it is reasonable and persuasive under *Mead*. The word is construed in accord with its ordinary meaning, which can be found by consulting a dictionary. *See Smith v. United States*, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning"); *Koyo Seiko Co., Ltd. v. U.S.* 36 F.3d 1565, 1571 (Fed.Cir.1994) ("A dictionary is an appropriate source for gleaning that 'ordinary meaning.'"). School is defined as:

1. An institution for the instruction of children or people under college age. 2. An institution for instruction in a skill or business. 3.a. A college or university. b. An institution associated with a college or university that gives instruction in a specialized field and recommends candidates for degrees. c. A division of an educational institution consisting of several grades or classes. d. The student body of an edu-

cational institution. e. The building or buildings housing an educational institution. 4. The process of being educated formally, esp. by a planned series of courses over a number of years. 5. A session of instruction.

THE AMERICAN HERITAGE COLLEGE DICTIONARY 1220 (3d. ed.1997).

Even after eliminating the definitions of "school" which are inconsistent with Congressional intent, that word still has multiple meanings, at least one of which favors the Plaintiff,[1] and another that favors the Defendant.[2]

2.  The BJA's Interpretation of "School"

In determining that the Great Lakes Naval Recruit Training Center is not a school for purposes of 5 U.S.C. § 8101, the BJA stated that "[t]he primary purpose of basic training is to prepare the serviceman for a career in the armed forces; not to pursue any type of educational learning. The fact that some education may be obtained is incidental to the primary purpose of basic training." AR 312. If Congress intends an agency pronouncement to have the force of law, a reviewing court must accept it so long as it is reasonable. *Mead,* 533 U.S. at 229, 121 S.Ct. 2164. A good indication that Congress intended an agency pronouncement to have the force of law is "express congressional authorizations to engage in the process of rulemaking or adjudication that produces regulations or rulings for which deference is claimed." *Id.* In this case, Congress has expressly authorized the BJA to issue regulations interpreting the PSOBA. 42 U.S.C. § 3796c ("The Bureau is authorized to establish such rules, regulations, and procedures as may be necessary to carry out the purposes of this subchapter."). Therefore, this court will defer to that agency's determination so long as it is reasonable.

In viewing the definitions of "school" available from a dictionary, this Court finds it impossible to say that BJA's definition of

"school" is unreasonable. While there are a number of choices BJA could have made about how to define this word, the definition it chose is consistent with at least one ordinary meaning available to it.

Plaintiff presents two arguments that, even given this court's deferential standard of review of BJA denials of death benefits, the decision that he did not attend a school should be overturned. First, Plaintiff argues that the "primary purpose" test used by the BJA should be rejected and the Great Lakes Naval Recruit Training Center should be considered an educational institution because Plaintiff spent many hours each day in the classroom. P. Opp. at 5. Further, Plaintiff believes that even accepting the primary purpose test, the BJA's decision should be rejected because it was inconsistent with the evidence in the administrative record. P. Opp. at 7.

In Defendant's findings of law, it looked to what it believed the "primary purpose" of Navy basic training was, and found that to be the preparation of individuals for service in the United States Navy. AR 312. While some of this training was educational in nature, the vast majority of it was not. While the primary purpose test has not been discussed in the specific context of determining whether an institution is a school for the purpose of determining an individual's eligibility under the PSOBA, it has been applied in a broad variety of other situations. *See e.g., City of Indianapolis v. Edmond,* 531 U.S. 32, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) (describing primary purpose test for determining constitutionality of suspicionless seizures under the fourth amendment); *In re Kenneth Allen Knight Trust,* 303 F.3d 671 (6th Cir.2002) (favoring a primary purpose test over more formalistic tests for determining the existence of a business trust); 26 U.S.C. § 165(c)(2) (primary purpose test for tax treatment of certain losses from transactions). While primary purpose test is not the only possible test of whether an institution is

---

1.  Definition 2 favors Plaintiff, since the Great Lakes Naval Recruit Training Center was devoted to instructing new recruits in the skills necessary for life in the Navy.

2.  Definition 4 favors Defendant, because boot camp did not extend over a number of years, and that definition requires formal education, which Defendant claims the Great Lakes Naval Recruit Training Center did not provide. D. Mot. at 13.

an educational institution, this court can hardly state that the BJA's decision to employ such a test is unreasonable. No more is required to reject Plaintiff's first argument and uphold the test used by the BJA. *See Chevron*, 467 U.S. at 843, 104 S.Ct. 2778 ("the question for the court is whether the agency's answer is based on a permissible construction of the statute").

In evaluating Plaintiff's second argument, this court must determine whether the agency's decision is supported by substantial evidence, with substantial evidence being defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *F.T.C. v. Indiana Federation of Dentists*, 476 U.S. 447, 454, 106 S.Ct. 2009, 90 L.Ed.2d 445 (1986). There is nothing inconsistent about recognizing that education is an important aspect of the Navy's recruitment process and concluding that the primary purpose of boot camp is something other than education. In light of this evidence, it is clear that a reasonable mind might conclude that boot camp has some primary purpose other than education. Thus, Plaintiff's argument that the BJA's determination is insufficiently supported by the evidence is rejected.

### B. Whether Plaintiff was Engaged in a "Full–Time Course of Study or Training"

This Court has determined that the BJA's decision that Plaintiff did not attend a school at the time of his father's death was not arbitrary or capricious and was supported by substantial evidence. Thus, it is unnecessary to examine whether or not Plaintiff was engaged in a "full-time course of study or training."

### IV. Additional Arguments

Plaintiff makes the additional argument that even if he did not attend a school, that he should be eligible for PSOBA benefits as attending an "additional type of education or training as defined by the Secretary of La-

---

3. It should also be noted that Plaintiff's attorney never filed a reply brief to his cross-motion. Had he done so, and laid out findings by the Secretary of Labor under 5 U.S.C.

bor" under 5 U.S.C. § 8101(17)(D). P. Opp. at 5. However, Plaintiff has presented no evidence that the Secretary of Labor has ever made any findings regarding Navy basic training under § 8101(17)(D). Independent research by this Court could likewise not uncover any such findings. The BJA found that, because of this, the Plaintiff was not entitled to relief under 5 U.S.C. § 8101(17)(D). Because Plaintiff has the burden of proof for establishing eligibility for PSOBA death benefits, this court upholds the BJA's determination regarding Plaintiff's ineligibility under 5 U.S.C. § 8101(17)(D). See 28 C.F.R. 32.21 (evidence).[3]

### V. Conclusion

For reasons set forth above, the court will not reverse the BJA's determination that Plaintiff is ineligible for PSOBA benefits. Accordingly, Defendant's motion for judgment on the administrative record is GRANTED and Plaintiff's cross-motion for judgment on the administrative record is DENIED. The Clerk shall enter judgment for Defendant.

§ 8101(17)(D), this case could well have had a different outcome.

